IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN SWITZER, *et al.*, | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1604 |
| | § | |
| WACHOVIA CORPORATION, *et al.*, | § | |
|    Defendants. | § | |

## **MEMORANDUM AND ORDER**

This Fair Labor Standards Act ("FLSA") case is before the Court on Plaintiffs' Motion for Equitable Tolling ("Motion") [Doc. # 55], to which Defendants filed a Response [Doc. # 57]. Plaintiffs neither filed a reply nor requested additional time to do so. Having reviewed the full record and applied governing legal authorities, the Court **denies** the Motion.

## **I.   BACKGROUND**

Plaintiffs worked as Financial Specialists for Wachovia Bank ("Wachovia"). Wachovia classified Plaintiffs as "nonexempt salaried with overtime," and paid Plaintiffs on a fluctuating work week ("FWW") basis until at least November 16, 2009.[1] An employer who satisfies the requirements for a FWW payment method is required to pay only "half time" for hours worked over 40 in any work week.

---

[1] Plaintiffs suggest they may have been paid on the FWW basis until January 2010.

Plaintiffs filed this lawsuit on April 27, 2011, alleging that Wachovia violated the FLSA because it failed to satisfy the requirements for the FWW payment system. Plaintiffs allege, *inter alia*, that Wachovia's payment of non-discretionary bonuses takes the payment system outside the permissible FWW payment method. The case was assigned to Senior District Judge David Hittner.

Plaintiffs filed a Motion for FLSA Conditional Certification ("Motion for Certification") [Doc. # 24] on October 14, 2011, Defendants filed a Response [Doc. # 36] on November 14, 2011, and Plaintiffs filed a Reply [Doc. # 51] on February 22, 2012. Meanwhile, on February 1, 2012, Judge Hittner recused and the case was reassigned on February 7, 2012. Because the two-year statute of limitations expired on November 16, 2011 (under Defendants' position that the FWW payment method was not used after November 16, 2009) or in January 2012 (under Plaintiffs' suggestion that the FWW method may have been used until some time in January 2010), Plaintiffs seek equitable tolling to allow additional plaintiffs to file Notices of Consent to join this collective action. The Motion is ripe for decision.

## II. <u>ANALYSIS</u>

The FLSA provides a two-year statute of limitations for a cause of action alleging unpaid overtime, extended to three years if the violation was willful. *See* 28 U.S.C. § 255(a). The statute of limitations period for a plaintiff in a collective action

under the FLSA runs from the date the Notice of Consent to Join a Collective Action is filed. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 917 (5th Cir. 2008) (citing *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983)). Plaintiffs argue that the statute of limitations, which has now expired absent a finding of willfulness, should be equitably tolled because Defendants induced Plaintiffs not to file within the statute of limitations, because Defendants may have failed to post required Department of Labor wage and hour posters, to avoid unfairness, and because the prior District Judge to whom this case was assigned had a conflict of interest.

Defendants address each of Plaintiffs' arguments, and argue also that any ruling on the tolling issue would be advisory. Defendants' position in this case is that the FWW policy at Wachovia ended on November 16, 2009. Plaintiff Karvet Samuels filed a Notice of Consent [Doc. # 41] on November 22, 2011. Samuels's claims, absent a finding of willfulness, survive only if the Court concludes that equitable tolling applies. Consequently, the Court concludes that a ruling on the tolling issue is not advisory only.

### A. Applicable Legal Standard

Equitable tolling allows a plaintiff to pursue time-barred claims where the "strict application of the statute of limitations would be inequitable." *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000). The doctrine applies only in "rare

and exceptional circumstances." *Teemac v. Henderson,* 298 F.3d 452, 457 (5th Cir. 2002). Additionally, the doctrine applies only when the plaintiff diligently pursues his rights, *Caldwell v. Dretke,* 429 F.3d 521, 530 n.23 (5th Cir. 2005), and when the plaintiff is unable through the exercise of due diligence "to discover essential information bearing on the existence of his claim," *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992). The plaintiff seeking to benefit from equitable tolling has the burden to demonstrate why his case should be exempt from the standard FLSA statute of limitations by showing that he diligently pursued his rights yet was unable to discover needed information to support his claim. *See Muhammad v. GBJ, Inc.*, 2011 WL 863785, *2 (S.D. Tex. Mar. 9, 2011) (Rosenthal, J.).[2]

### B.     Alleged Inducement Not to File Timely

Plaintiffs argue that equitable tolling should apply because Wachovia misled the Financial Specialists into believing that the FWW pay practice complied with the FLSA. Specifically, Plaintiffs allege that Wachovia told the Financial Specialists that it had evaluated their positions to determine the appropriate classification under the

---

[2]Although Plaintiffs do not seek the application of equitable estoppel in this case, many of their arguments and legal authority appear to relate to the equitable estoppel doctrine. Equitable estoppel applies to preclude an employer from asserting the limitations period if the employer misrepresented or concealed facts needed to support the plaintiff's claim. *See Rhodes v. Guiberson Oil Tools Div*., 927 F.2d 876, 878–79 (5th Cir. 1991). Plaintiffs, who have moved only for the application of equitable tolling, have not argued or demonstrated a legal or factual basis for equitable estoppel here.

FLSA and that the Financial Specialists were properly classified as "nonexempt salaried with overtime." *See* Wachovia/World Savings Salaried with Overtime Education Calls ("Education Calls Document"), Exh. 17 to Motion for Conditional Certification [Doc. # 25-1].[3] The Education Calls Document does not contain any misrepresentations that could reasonably have misled the Financial Specialists had it been provided to them. It states that Wachovia has evaluated the Financial Specialist position to determine how they should be classified under the FLSA – as exempt or non-exempt – and describes the criteria used in that evaluation. It states that Wachovia determined that the appropriate classification for Financial Specialists was non-exempt, salaried with overtime. Unlike the situation in *Henchy v. City of Absecon*,[4] there is no allegation or evidence that any Financial Specialist questioned the propriety under the FLSA of the FWW payment method and received "repeated assurances" that the overtime compensation method was proper. There is also no allegation or evidence that any Financial Specialist delayed filing a lawsuit because of the information contained in the Education Calls Document.

---

[3] Plaintiffs have failed to present evidence, however, that the Education Calls Document was provided to any of the Financial Specialists. Instead, the uncontroverted evidence in the record indicates that the Education Calls Document was provided only to senior Human Resources representatives and senior business managers.

[4] 148 F. Supp. 2d 435, 438 (D.N.J. 2001).

Plaintiffs have not demonstrated that Wachovia did anything more than inform its employees that they would be compensated in a certain manner in accordance with what Wachovia believed to be its rights under the FLSA. To apply equitable tolling under such circumstances would extend the limitations period indefinitely and would eviscerate the entire statute of limitations scheme under the FLSA. *See Moreno v. United States*, 82 Fed. Cl. 387, 402 n.35 (2008) (citing *Christofferson v. United States,* 72 Fed. Cl. 541, 543-44 (2006) ("The very nature of litigation over [entitlement to FLSA overtime] assumes that the agency and the plaintiffs disagree on a point of law. . .. If the fact that the agency expresses a position which turns out to be incorrect is a warrant for tolling, the limitations period would be suspended indefinitely.")).

### C.  Alleged Failure to Post Wage and Hour Posters

Plaintiffs assert that an employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can result in tolling of the statute of limitations, citing cases from district courts outside the Fifth Circuit.[5]  Plaintiffs then argue that they should be entitled to discovery "and an opportunity to establish through declarations of Plaintiffs" that Wachovia failed to post the FLSA notices. Current Plaintiffs who were employed by Wachovia do not, however, offer any basis

---

[5]In their Response, Defendants cite cases from district courts outside the Fifth Circuit holding that failure to post the FLSA notices is an *insufficient* basis for equitable tolling.

to believe that Wachovia failed to post the mandatory FLSA notices.[6] To the contrary, Wachovia has presented uncontradicted evidence that its official policy required the posters to be "conspicuously posted" in common areas, and that Wachovia contracted with outside vendors to provide the posters to each bank location. *See* Affidavit of Angie Dulin, Exh. A to Response. As a result, Plaintiffs have not presented anything beyond rank speculation that the FLSA notices were not posted at Wachovia bank locations.

Additionally, the FLSA notices Wachovia was required to post related to general FLSA requirements and did not specifically address the FWW payment method. Consequently, whether posted or not, the FLSA notices would not have provided needed information to Plaintiffs and other Wachovia Financial Specialists. As a result, Plaintiffs are not entitled to equitable tolling based on their conjecture that Wachovia failed to post required FLSA notices.

### D.   Alleged Unfairness Based on Settlement of Prior Lawsuits

Plaintiffs argue that equitable tolling is appropriate because Wachovia settled two FLSA lawsuits filed by Financial Specialists. Neither of those two cases,

---

[6] Plaintiffs do not explain why they have not already provided such affidavits based on information that would be within their knowledge from having worked at Wachovia.

however, involved a challenge to Wachovia's FWW method of paying Financial Specialists.[7] As a result, nothing in the settlement of those cases unfairly impeded Plaintiffs from pursuing the FLSA claims presented in this lawsuit, and the Court declines to apply equitable tolling under these circumstances.

### E.    Alleged Conflict of Prior Judge

Plaintiffs argue that equitable tolling should be applied because "it is apparent that Judge Hittner had a conflict in this matter that rendered him unable to sit as the judge in this case." *See* Motion, pp. 13-14.  Plaintiffs cite no legal authority to support their position that equitable tolling should apply when a case is originally assigned to a judge who recuses, and this Court is aware of none.

Additionally, there is no evidence that Judge Hittner had a conflict that would have prevented him from handling this lawsuit prior to his taking senior status.  Once on senior status, a district judge has considerable discretion to decline certain types of cases.

Perhaps most importantly, however, Plaintiffs did not file their Reply in support of the Motion for Certification until February 22, 2012, after Judge Hittner recused.

---

[7]In *Rodriguez v. Wachovia Fin. Servs., Inc.*, the plaintiff alleged that he was not paid for overtime hours and requested overtime compensation at half-time his regular pay, not disputing the application of the FWW method.  In *Martin-Schwartzman v. Wachovia Shared Resources, LLC*, another off-the-clock case, the plaintiff alleged that she was not paid for overtime hours at the "time and a half" rate, but did not challenge – or even mention in her Complaint – the FWW method of payment.

Consequently, the certification issue was not ripe while the case was assigned to Judge Hittner, and his recusal in no way delayed certification of this FLSA lawsuit as a collective action.

### III.   CONCLUSION AND ORDER

Plaintiffs have failed to establish a legal or factual basis for equitable tolling. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Equitable Tolling [Doc. # 55] is **DENIED**.

SIGNED at Houston, Texas, this **11th** day of **April, 2012**.

_____
Nancy F. Atlas
United States District Judge