IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYAN SWITZER, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-1604 |
| § | | |
| WACHOVIA CORPORATION, *et al.*, § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

This Fair Labor Standards Act ("FLSA") case is before the Court on Defendants' Motion for Partial Summary Judgment on the Validity of Non-Discretionary Bonuses Under the Fluctuating Workweek Method ("Motion") [Doc. # 39], to which Plaintiffs filed a Response and Cross-Motion ("Cross-Motion") [Doc. # 42]. Defendants filed a Response to Plaintiffs' Cross-Motion and a Reply in support of their own Motion [Doc. # 44], and Plaintiffs filed a Reply in support of their Cross-Motion [Doc. # 52].

Also pending is Defendants' Motion for Summary Judgment Regarding Whether Its Alleged Violation of the FLSA Was Willful ("Willfulness Motion") [Doc. # 76], to which Plaintiffs filed a Response [Doc. # 86], and Defendants filed a Reply [Doc. # 91]. Also pending is Plaintiffs' Motion for FLSA Conditional Certification [Doc. # 24], to which Defendants filed a Response [Doc. # 36], and Plaintiffs filed a Reply [Doc. # 51].

Having reviewed the full record and relevant legal authorities, the Court **grants** Defendants' Motion, **denies** Plaintiffs' Cross-Motion, **grants** Defendants' Willfulness Motion, and **denies** Plaintiffs' Motion for Conditional Certification.

## I.    BACKGROUND

Plaintiffs worked as Financial Specialists for Wachovia Bank ("Wachovia"). Wachovia classified Plaintiffs as "nonexempt salaried with overtime," and paid them on a fluctuating work week ("FWW") basis until November 16, 2009. An employer who satisfies the requirements for a FWW payment method is required to pay only "half time" for hours worked over 40 in any work week. The FWW method is "used primarily by employers whose employees may be called upon to work a fluctuating number of hours each week." *Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 631 (5th Cir. 2001).

Plaintiffs filed this lawsuit on April 27, 2011, alleging that Wachovia violated the FLSA because it failed to satisfy the requirements for the FWW payment method. Plaintiffs allege, *inter alia*, that Wachovia's payment of non-discretionary bonuses precludes Defendants' use of the FWW method. Plaintiffs allege also that Wachovia's violation of the FLSA was willful.[1]

---

[1] As the Court noted in its Memorandum and Order [Doc. # 62] entered April 12, 2012, the statute of limitations for Plaintiffs' FLSA claim has expired as to any additional plaintiffs absent a finding of willfulness.

The parties filed cross-motions for summary judgment on the effect of payment of the non-discretionary bonuses on the validity of the FWW payment method. Defendants also moved for summary judgment on whether the alleged violation of the FLSA was willful, and Plaintiffs moved for conditional certification of the lawsuit as a collective action under the FLSA. The pending motions have been fully briefed and are ripe for decision.

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

On cross-motions for summary judgment, the Court reviews "each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party." *Jones v. Wells Fargo Bank*, 666 F.3d 955, 959 (5th Cir. 2012) (quoting *Ford Motor Co. v. Tex. Dep't. of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)). In this case, the parties agree that there are no genuine issues of material fact regarding Defendants' use of the FWW payment method. Each party argues that, based on the undisputed facts, it is entitled to summary judgment as a matter of law.

## III.   ANALYSIS

### A.   Fluctuating Workweek Method

Although the FLSA generally requires payment of "time-and-one-half" for hours over forty worked in a week, there are other methods for calculating overtime that comply with the statute. The payment method at issue in this case is the Fluctuating Workweek ("FWW") method. The regulation governing the FWW method provides that "[a]n employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many." 29 C.F.R. § 778.114(a).

"Under the FWW method, the employee receives a fixed salary as compensation for all hours worked by the employee, whether above or below forty hours, as well as an additional overtime premium for each overtime hour." *Samson v. Apollo Resources, Inc.*, 242 F.3d 629, 633 (5th Cir. 2001) (citing 29 C.F.R. § 778.114(a)). The fixed salary must be such that it provides compensation at a regular rate that satisfies the minimum wage requirement of 29 U.S.C. § 206(a)(1). *Id.* (citing 29 C.F.R. § 778.114(c); *Cash v. Conn Appliances, Inc.*, 2 F. Supp. 2d 884, 893 (E.D. Tex. 1997)). "Section 778.114(a) makes clear that the fixed weekly salary compensates the employee for all hours worked, including overtime hours. Therefore, since the employee already receives 100% of his regular rate of pay for each overtime hour worked, the time and one-half overtime provision of 29 U.S.C. § 207(a)(1) requires that the employee receive only an additional 50% of his regular rate for each overtime hour." *Id.* at 634 (citing *Condo v. Sysco Corp.,* 1 F.3d 599, 605 (7th Cir. 1993)). The fixed salary is not intended as compensation for forty hours, but for all hours worked each week. *See id.* (citing 29 C.F.R. § 778.114(a)).

"An employer may pay an employee pursuant to [the FWW] method where: (1) the employee's hours fluctuate from week to week; (2) she receives a fixed weekly salary, regardless of the number of hours worked that week; (3) the salary is sufficiently large to assure that no workweek will be worked in which the employee's

average hourly earnings from the salary fall below the minimum hourly wage rate; (4) the employee clearly understands that the salary covers whatever hours the job may demand in a particular workweek; and (5) the employee receives a 50 percent overtime premium in addition to the fixed weekly salary for all hours in excess of 40 worked that week." *Conne v. Speedee Cash of Miss., Inc.*, 246 F. App'x 849, 851 (5th Cir. July 23, 2007). The employee has the burden of proving that the employer failed to administer the FWW method correctly. *See Samson*, 242 F.3d at 636.

### B.  Effect of Non-Discretionary Bonuses on FWW Method

Plaintiffs in this case argue that they were not paid a fixed salary because Defendants paid them non-discretionary bonuses. The bonuses were calculated and paid based on three components: (1) sales and production growth; (2) portfolio growth; and (3) customer service.

*Regulation Language*.– The language of the FWW regulation does not support Plaintiffs' position. The fixed salary is a "fixed amount [received by the employee] as straight time pay for whatever hours [the employee] is called upon to work in a workweek . . . ." 29 C.F.R. § 778.114(a). It is undisputed that Defendants paid a fixed amount "as straight time" for the hours each employee worked. In addition to this fixed amount for hours worked, Defendants paid non-discretionary bonuses as described above. The regulation does not expressly preclude payment of such

bonuses. Additionally, had the Department of Labor ("DOL") intended to exclude any other payments, it clearly knew how to do so. For example, the DOL regulation relating to day rates and job rates, like the FWW method regulation, provides for overtime compensation at half-time pay. The "day rate" regulation provides that the method of payment applies if the employee is paid a flat sum for a day's work "and if he receives no other form of compensation for services." 29 C.F.R. § 778.112. The FWW regulation, however, contains no similar provision precluding all other forms of compensation.

*Case Law*.– Plaintiffs rely on case law that addresses whether the FWW method is invalidated by differentials in hourly rate for circumstances such as night work, holiday work, and off-shore work. These cases, such as *O'Brien v. Town of Agawam*, 350 F.3d 279, 288 (1st Cir. 2003), involve additional pay that is based on the number of hours worked.[2] In such situations, for example, an employee who worked four hours on a holiday would receive more additional compensation than an employee who worked two hours on the holiday. The Court agrees that such additional pay

---

[2] *See Brantley v. Inspectorate America Corp.*, 821 F. Supp. 2d 879, 888-89 (S.D. Tex. 2011) (Gilmore, J.) (differential for hours worked off-shore and on a holiday); *Dooley v. Liberty Mut. Ins. Co.*, 369 F. Supp. 2d 81, 85-86 (D. Mass. 2005) (differential for hours worked on a weekend); *Brumley v. Camin Cargo Control, Inc.*, 2010 WL 1644066, **6-7 (D.N.J. Apr. 22, 2010) (differential for hours worked on a day off and on a holiday); *Adeva v. Intertek USA, Inc.*, 2010 WL 97991, *1 (D.N.J. Jan. 11, 2010) (differential for hours worked offshore, on a holiday, and on a day off).

based on the number of hours the employee worked would be inconsistent with the FWW method.

Defendants' non-discretionary bonuses, on the other hand, are based on performance in the areas of sales and production growth, portfolio growth, and customer service, not on the number of hours worked. For example, an employee who worked four hours would not necessarily receive more additional compensation (in the form of a larger bonus) than an employee who worked only two hours. The employee's "straight time pay" for work in a workweek was "fixed" and did not vary with the number of hours worked, notwithstanding the payment of performance-based bonuses. Plaintiffs' cases involving pay differentials are distinguishable and unpersuasive on the issue of non-discretionary bonuses.[3]

Plaintiffs rely also on an unpublished case from the Middle District of Florida, *West v. Verizon Services Corp.*, 2011 WL 208314, *11 (M.D. Fla. Jan. 21, 2011), which rejected an employer's claim that it properly utilized the FWW method. In that case, the plaintiff worked 72 hours per week, every week. The district court, after considering the facts and the issues presented in that specific case, found (as her most important consideration) that Plaintiff West's hourly rate under the FWW method

---

[3]Defendants cite cases involving commissions. *See* Defendants' Motion, p. 8, n.10. While also not directly on point, the commissions are more closely related to the bonuses at issue in this case because they, like the bonuses, are based on performance criteria unrelated to the number of hours worked.

would be less than the applicable minimum wage. *See id.* As an additional matter, the *West* court found that the plaintiff's hours did not fluctuate since Plaintiff West always worked 72 hours per week. *Id.* As a final comment, made with no analysis or reasoning, the Court stated summarily that the plaintiff's "salary was not 'fixed' because she received various bonus payments and commissions." *Id.* The *West* case includes no analysis of the bonus issue and, as a result, is not persuasive authority.

The Court agrees with the reasoning and decision of the District of Minnesota in *Soderberg v. Naturescape, Inc.*, Civil Action No. 10-3429 (D. Minn. Nov. 3, 2011).[4] In that case, the district court carefully considered *O'Brien* and other cases cited by the plaintiffs. The district court found the cases unpersuasive because, as this Court noted above, the cases each involved additional compensation tied to the number of hours worked with a differential based on how or when the hours were worked. As in the Minnesota case and in this case, however, the additional compensation in the form of non-discretionary bonuses is based on criteria unrelated to the number of hours worked.

***DOL Positions***.– In 2008, the DOL proposed modifications to the FWW regulation to clarify that bonus payments would not invalidate the application of the

---

[4]The Court agrees also with the decision of the Western District of Virginia in *Black v. Comdial Corp.*, 1994 WL 70113, *5 (W.D. Va. Feb. 15, 1994), holding that the payment of bonuses does not affect the applicability of the FWW method. That case, however, lacks the clear analysis contained in the *Soderberg* decision.

FWW method. *See* 73 FED. REG. 43662 (July 28, 2008). The DOL explained that the "payment of additional bonus supplements and premium payments to employees compensated under the fluctuating workweek method has presented challenges to both employers and the courts." *See id.*

In January 2009, the DOL prepared, but subsequently withdrew, an opinion letter to be sent in response to employers' requests for guidance regarding the FWW method of payment. *See* Opinion Letter, FLSA 2009-24 (Jan. 16, 2009), attached as Exhibit D to Motion. In the 2009 letter, the DOL stated that "[r]eceipt of additional bonus payments does not negate the fact that an employee receives straight-time compensation through the fixed salary for all hours worked whether few or many, which is all that is required under § 778.114(a)." *See id.*, p. 3.

In April 2011, well over a year after Defendants stopped paying Plaintiffs under the FWW method, the DOL issued its final rule "Updating Regulations Issued Under the Fair Labor Standards Act." *See* 76 Fed. Reg. 18,832 (Apr. 5, 2011), attached as Exhibit 1 to Plaintiffs' Response. In the final rule, the DOL did not change the FWW regulation as proposed in 2008. *See id.* The DOL instead stated in 2011 that bonus payments "are incompatible with the fluctuating workweek method of computing overtime under section 778.114." *Id.* The DOL acknowledged, however, that its view at the time of the 2008 proposed revision was to clarify that bonuses were permitted

under the FWW method and that "the proposed modification clarified the rule and was consistent with the Supreme Court's decision in *Overnight Transportation Co. v Missel*, 316 U.S. 572 (1942), on which the existing regulation is patterned." *See id.* In the end, the DOL did not alter the FWW regulation.

This record indicates that in 2008 and 2009, the years in issue in this case, the DOL construed the FWW regulation to permit bonus payments. In 2011, the DOL shifted course and viewed the award of bonuses to be inconsistent with the FWW payment method. The language of the regulation remained the same throughout and, as discussed above, is susceptible to varying reasonable interpretations. The regulatory language does not preclude bonus payments that are not based on the number of hours the employee worked. The DOL's 2011 pronouncement is contrary to its publicly-disseminated prior position and the 2011 interpretation was not issued until well after Defendants were no longer using the FWW payment method for its Financial Specialists.

*__Conclusion__.–* The plain language of the FWW regulation, 29 C.F.R. § 778.114(a), leads to the conclusion that the payment of non-discretionary bonuses prior to November 2009 did not preclude Defendants' reliance on the FWW payment method. This conclusion is supported by persuasive case law as discussed above and by positions taken by the DOL during the relevant time frame. As a result,

Defendants are entitled to summary judgment that the payment of non-discretionary bonuses did not preclude use of the FWW method for paying its Financial Specialists prior to November 2009.

## IV. MOTION FOR SUMMARY JUDGMENT ON WILLFULNESS

The general limitations period under the FLSA is two years unless the violation was willful, in which case the limitations period is extended to three years. *See* 29 U.S.C. § 255(a); *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 928 n. 4 (5th Cir. 1999). Under the FLSA, a violation is "willful" if the employer either "knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute." *Singer v. City of Waco, Tex.,* 324 F.3d 813, 821 (5th Cir. 2003) (quoting *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988)). "An employer does not willfully violate the FLSA even if it acts "unreasonably, but not recklessly, in determining its obligation." *Chicca v. St. Luke's Episcopal Health Sys.*, __ F. Supp. 2d ___, 2012 WL 844899, *12 (S.D. Tex. Mar. 12, 2012) (Ellison, J.) (citing *McLaughlin*, 486 U.S. at 135 n.13). Plaintiffs bear the burden of proving that an FLSA violation was willful. *See Singer*, 324 F.3d at 821; *Samson*, 242 F.3d at 636.

For the reasons discussed fully above, Defendants' payment of non-discretionary bonuses did not preclude their reliance on the FWW method and, therefore, did not violate the FLSA. Absent a violation of the FLSA, there can be no

willful violation. Defendants are entitled to summary judgment that the payment of non-discretionary bonuses in connection with the FWW payment method was not a willful violation of the FLSA.

## V.  MOTION FOR CONDITIONAL CERTIFICATION

Plaintiffs moved for conditional certification of this lawsuit as a nationwide collective action of all Financial Specialists who were paid under the FWW method. *See* Reply [Doc. # 51], p. 2. The Court has held herein that the payment of nondiscretionary performance-based bonuses did not preclude use of the FWW method and, therefore, there could be no willful violation of the FLSA based on payment of those bonuses. Absent willfulness, the statute of limitations for Plaintiff's FLSA claim expired two years after Defendants stopped paying its Financial Specialists based on the FWW method. *See* 29 U.S.C. § 255(a). Defendants' use of the FWW payment method ended in November 2009 and, consequently, the statute of limitations expired in November 2011. A class certified now would be useless, as the claims of any Financial Specialist who might seek to opt in after November 2011 would be time-barred. As a result, the issue of conditional certification is moot.

## VI.  CONCLUSION AND ORDER

The payment of non-discretionary bonuses that are based on performance and not on the numbers of hours worked does not violate the FWW payment method

allowed under the FLSA. Because the payment of these bonuses did not violate the FLSA, there can be no willful violation. Absent a willful violation, the statute of limitations has expired for any potential plaintiff who has not already joined in this case. Therefore, the conditional certification issue is moot. Based on the foregoing, it is hereby

**ORDERED** that Defendants' Motion for Partial Summary Judgment on the Validity of Non-Discretionary Bonuses Under the Fluctuating Workweek Method [Doc. # 39] is **GRANTED** and Plaintiffs' Cross-Motion for Partial Summary Judgment [Doc. # 42] is **DENIED**. It is further

**ORDERED** that Defendants' Motion for Summary Judgment Regarding Whether Its Alleged Violation of the FLSA Was Willful [Doc. # 76] is **GRANTED**. It is further

**ORDERED** that Plaintiffs' Motion for Conditional Certification [Doc. # 24] is **DENIED**. It is further

**ORDERED** that counsel shall appear before the Court on **September 13, 2012, at 10:00 a.m.** to discuss the remaining issues in this case.

SIGNED at Houston, Texas, this **24th** day of **August, 2012**.

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge